UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

SYRACUSE DIVISION

| | |
|---|---|
| DAVID POTTER, on behalf of himself and others similarly situated,<br><br>　　　　　　　　　　Plaintiff,<br>　　　　v.<br><br>TIOGA DOWNS RACETRACK, LLC,<br><br>　　　　　　　　　　Defendant. | Civil Action No.: 3:22-cv-00869-BKS-ML |

**ORDER AND JUDGMENT GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR FINAL CERTIFICATION AND FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT; GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEY'S FEES, COSTS, NAMED PLAINTIFF SERVICE AWARD, AND SETTLEMENT ADMINISTRATOR PAYMENT**

Having considered Plaintiff's Unopposed Motion for Final Certification and Final Approval of Class and Collective Action Settlement and Plaintiff's Unopposed Motion for Attorney's Fees, Costs, Named Plaintiff Service Award, and Settlement Administrator Payment, having held a Fairness Hearing on March 27, 2024, and having neither heard nor received any objection to the Settlement Agreement or any of its terms, it is hereby ordered as follows:

1. 　　The Settlement Agreement attached as Exhibit 1 to the Declaration of Matthew D. Carlson in Support of Plaintiff's Motion for Preliminary Approval of Class and Collective Action Settlement (Dkt. No. 29-2) is hereby incorporated by reference in this Order, and all capitalized terms or phrases used in this Order that are not defined herein shall have the same meaning as in the Settlement Agreement.

2. The Court hereby grants Plaintiff's Motion for Final Certification and Final Approval of Class and Collective Action Settlement, as well as Plaintiff's Motion for Attorney's Fees, Costs, Named Plaintiff Service Award, and Settlement Administrator Payment.

3. The Court finally certifies the preliminarily certified NYLL Class as defined in the Settlement Agreement, Paragraph 1.16. No such individuals have opted out of the NYLL Class.

4. The Court finally certifies the preliminarily certified FLSA Collective as defined in the Settlement Agreement, Paragraph 1.10.

5. The Court confirms the preliminary appointment of Matthew D. Carlson of the Law Office of Matthew D. Carlson as counsel for the NYLL Class and FLSA Collective.

6. The Court confirms the preliminary appointment of the Named Plaintiff, David Potter, as representative of the NYLL Class and FLSA Collective.

7. The Court finds that the NYLL Class settlement is procedurally fair, reasonable, adequate, and not a product of collusion. *See* Fed. R. Civ. P. 23(e).

8. The Court finds that the NYLL Class settlement is substantively fair in light of the factors set forth in *City of Detroit v. Grinnell Com.*, 495 F.2d 448 (2d Cir. 1974): (1) the complexity, expense and likely duration of the litigation; (2) the stage of the proceedings and the amount of discovery completed; (3) the risks of establishing liability and damages; (4) the risks of maintaining the class action through the trial; (5) the lack of any objections; (6) the ability of the defendants to withstand a greater judgment; and (7) whether the settlement amount is within the range of reasonableness in light of the best possible recovery and the attendant risks of litigation. *Id.* at 463.

9. The Court therefore approves the NYLL Class settlement pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

10. The Court approves the FLSA settlement pursuant to 29 U.S.C. section 216(b) and finds that it is a fair and reasonable compromise of disputed issues for purposes of the FLSA.

11. The Court finds that the Notice Form and its distribution comported with all constitutional requirements, including those of due process, and was the best notice practicable under the circumstances.

12. The Court finds that the plan of allocation is rationally related to the relative strengths and weaknesses of the claims asserted. The mechanisms and procedures set forth in the Settlement Agreement by which payments are to be calculated and made are fair, reasonable and adequate, and payment shall be made according to those allocations and pursuant to the procedures as set forth in the Agreement

13. The Court grants Plaintiff's request for attorney's fees and awards counsel for the NYLL Class and FLSA Collective $283,333.33, which is one-third of the total settlement fund. This amount is reasonable in light of (1) a comparison to court-approved fees in other common fund settlements (2) counsel's time and labor; (3) the litigation's complexities and magnitude; (4) the litigation risks; (5) quality of representation; (6) the relationship of the requested fee to the settlement; (7) considerations of public policy; and (8) a lodestar crosscheck. *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 47 (2d Cir. 2000). This amount shall be paid from the settlement fund.

14. The Court finds reasonable and grants Plaintiff's request for litigation costs in the amount of $4,049.98, which shall be paid from the settlement fund. Because this amount is less than the $5,000 cap on litigation costs, the balance shall be added to the funds to be distributed to Class and Collective Members.

15. The Court grants Plaintiff's request for a Service Award in the amount of $10,000 to Named Plaintiff David Potter. The Court finds that this amount is reasonable in light of

Plaintiff's service and demonstrated dedication to the NYLL Class and FLSA Collective. This amount shall be paid from the settlement fund.

16. The Court finds reasonable and grants Plaintiff's request for settlement administrator expenses in the amount of $6,892.84, which shall be paid from the settlement fund. Because this amount is less than the $7,000 cap on settlement administrator expenses, the balance shall be added to the funds to be distributed to Class and Collective Members.

17. The "Effective Date" of the Settlement Agreement shall be 35 days after the date of this Order if no party appeals this Order. If a party appeals this Order, the "Effective Date" of the settlement shall be the day on which there is the final disposition of any appeal that has the effect of affirming this Order in its entirety with no further opportunity for appeal.

18. In the event that the Settlement Agreement by its terms becomes void or if, for any reason, the Effective Date of the Settlement Agreement does not occur, then this Order and Judgment shall be rendered null and void to the extent provided by and in accordance with the Agreement and shall be vacated, the NYLL Class and FLSA Collective shall be de-certified, and in such event, all orders entered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

19. In accordance with the terms of the Settlement Agreement and consistent with the Effective Date, the Settlement Fund shall be distributed as follows:

    a. Payment to the Law Office of Matthew D. Carlson for attorney's fees in the amount of $283,333.33.

    b. Payment to the Law Office of Matthew D. Carlson for litigation costs in the amount of $4,049.98.

    c. Payment to Plaintiff David Potter for the Named Plaintiff Service Award in the amount of $10,000.

    d. Payment to the Settlement Administrator, CAC Services Group, LLC, for settlement administration expenses in the amount of $6,892.84.

    e. Payment to the remainder of the fund to Class and Collective Members in accordance with the allocation plan set forth in the Settlement Agreement.

    f. Any funds remaining after the distribution from uncashed checks will be transferred to the New York State Comptroller, where the funds will be held in trust unless and until they are claimed.

20. In accordance with the terms of the Settlement Agreement, the Court hereby fully and finally dismisses this matter and litigation in its entirety and with prejudice. Neither party to this litigation is or shall be considered a prevailing party.

21. The Court has reviewed the releases set forth in Paragraphs 3.7(A)-(D) and finds that they are fair, reasonable, and enforceable under applicable laws.

22. Pursuant to Paragraph 3.7(A) of the Settlement Agreement, upon the Effective Date, and by operation of this Order and Judgment, each NYLL Class Member (including Plaintiff), on his/her/their behalf, and on behalf of his/her/their respective current, former and future heirs, spouses, executors, administrators, and agents, fully releases and discharges Defendant, Defendant's present and former parent companies, subsidiaries, related or affiliated companies, shareholders, officers, directors, managerial and supervisory employees, members, employees who meet the definition of an employer under the New York Labor Law with regard to one or more NYLL Class Members, co-joint ventures, fiduciaries, trustees, employee benefit plan administrators, agents, attorneys, insurers, successors and assigns, and all persons or entities acting by, through, under or in concert with any of them, and any individual or entity which could be jointly liable with any of them ("Releasees"), from any claims related to the conduct alleged in the Litigation under

the New York Labor Law (including the Wage Theft Prevention Act), and any applicable related rule, regulation or Wage Order, whether known or unknown, through January 4, 2023, including but not limited to state law claims for overtime, minimum wage, unpaid wages, improper use of the tip credit, failure to provide accurate wage statements, failure to provide wage notices, interest, liquidated damages, and attorneys' fees and costs related to such claims.

23. Pursuant to Paragraph 3.7(B) of the Settlement Agreement, upon the Effective Date, and by operation of this Order and Judgment, each FLSA Collective Member forever and fully releases the Releasees from all Fair Labor Standard Act claims related to the conduct alleged in the Litigation, whether known or unknown, through January 4, 2023, including, but not limited to, claims for overtime, unpaid wages, liquidated damages, interest, and attorneys' fees and costs related to such claims.

24. Pursuant to Paragraph 3.7(C) of the Settlement Agreement, upon the Effective Date, and by operation of this Order and Judgment, David Potter and all persons purporting to act on Plaintiff's behalf or purporting to assert a claim under or through Plaintiff, hereby do and shall be deemed to have fully, finally, and forever released, settled, compromised, relinquished, and discharged any and all of the Releasees from any and all claims, known or unknown, asserted and unasserted, that he has or may have had against any or all Releasees from the beginning of time through the date Plaintiff executes this Agreement. Such claims include, but are not limited to the Released NYLL Class Claims and FLSA Claims; breaches of contract, whether written, oral or implied; violations of any public policy; tort claims, including but not limited to intentional infliction of emotional distress and negligent infliction of emotional distress, defamation, misrepresentation, and fraud; retaliation claims; common law claims; any other claims for damages, costs, fees, or

        other expenses, including attorneys' fees; and any violations of the following statutes, laws, and regulations and amendments thereto: Title VII of the Civil Rights Act of 1964; the Civil Rights Act of 1991; Sections 1981 through 1988 of Title 42 of the United States Code; the Age Discrimination Act; the Americans with Disabilities Act of 1990; the Employment Retirement Income Security Act of 1974; the Occupational Safety and Health Act; the Sarbanes-Oxley Act of 2002; the Family and Medical Leave Act of 1993; the Fair Labor Standards Act; the New York Human Rights Law; and any other federal, state, or local civil employment law, statute, regulation, or ordinance capable of being released by Plaintiff, excluding any claims that cannot be released as a matter of law.

25. Pursuant to Paragraph 3.7(D) of the Settlement Agreement, upon the Effective Date, and by operation of this Order and Judgment, Class/Collective Counsel, Plaintiff David Potter, the NYLL Class Members and the FLSA Collective Members hereby irrevocably and unconditionally release, acquit, and forever discharge any claim that they may have against Defendant for attorneys' fees or costs associated with Class/Collective Counsel's representation of Plaintiff, the NYLL Class, and the FLSA Collective. The attorneys' fees and costs payments approved in this Order and Judgment are the full, final, and complete payment of all attorneys' fees and costs associated with Class/Collective Counsel's representation of these individuals in this Litigation.

26. Each NYLL Class Member and FLSA Collective Member is bound by this Order and Judgment and by the Settlement Agreement, including, without limitation, the releases set forth in Paragraph 3.7 of the Settlement Agreement.

27. This Order and Judgment, the Order Granting Preliminary Approval of Collective and Class Action Settlement, the Settlement Agreement, and all papers related thereto, are not, and shall not be construed to be, an admission by Defendant of any liability, claim or

wrongdoing whatsoever, and shall not be offered as evidence of any such liability, claim or wrongdoing in this action or in any other proceeding. This Order and Judgment, the Order Granting Preliminary Approval of Collective and Class Action Settlement, the Settlement Agreement, and all papers related thereto shall not have a res judicata or collateral estoppel effect against Defendant with respect to any claims not released by this Order and Judgment and by the Settlement Agreement.

28. Without affecting the finality of this Order and Judgment, the Court reserves exclusive and continuing jurisdiction over this action, Plaintiff, the NYLL Class and FLSA Collective, and Defendant for the purposes of supervising the implementation, enforcement, construction, and interpretation of the Settlement Agreement, the distribution of the funds in accordance with this Order and Judgment, and all other rights and obligations under the Settlement Agreement and this Order and Judgment.

**It is so ORDERED.**

                                                   BY THE COURT:

                                                   *Brenda K. Sannes*
                                                   Hon. Brenda K. Sannes
                                                   Chief U. S. District Judge